[Cite as *Coomes v. Coomes*, 2019-Ohio-2675.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| JOHN COOMES, | : | |
| Appellant, | : | CASE NO. CA2019-01-003 |
| | : | O P I N I O N |
| - vs - | | 7/1/2019 |
| | : | |
| JENNIFER COOMES, | : | |
| Appellee. | : | |


APPEAL FROM CLERMONT COUNTY COMMON PLEAS COURT
DOMESTIC RELATIONS DIVISION
Case No. 2015DRB01089


John J. Coomes, 4934 Ford St., Suite 201, Speedway, Indiana 46224, pro se

Zachary D. Smith, Centennial Plaza III, 895 Central Ave., Suite 305, Cincinnati, Ohio 45202, for appellee


**S. POWELL, J.**

{¶ 1} Appellant, John Coomes ("Husband"), appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, finding his objections to a magistrate's decision requiring him to pay certain fees and costs incurred by appellee, Jennifer Coomes ("Wife"), were untimely filed.[1] For the reasons

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

outlined below, we reverse the domestic relations court's decision and remand this matter to the domestic relations court for further proceedings.

{¶ 2} On December 14, 2016, Husband and Wife were divorced. Following their divorce, both Husband and Wife moved the domestic relations court to order the other to pay certain fees and costs they had incurred while litigating several post-decree matters. After holding a hearing on the matter, a domestic relations court magistrate issued a decision ordering Husband to reimburse Wife for a portion of her fees and costs. The magistrate's decision was filed on October 22, 2018.

{¶ 3} Pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision[.]" Considering the magistrate's decision was filed on October 22, 2018, Husband was required to file any objections to the magistrate's decision by November 5, 2018. According to the domestic relations court's Loc.R. DR 5, Husband had the option of filing his objections via facsimile "24 hours per day seven days per week." The domestic relations court's Loc.R. DR 5 also provides that "[p]leadings and other documents sent by fax and accepted by the Clerk of Courts are considered filed as of the date and time the Clerk of Courts received the fax."

{¶ 4} On November 5, 2018 at 8:36 p.m., Husband filed objections to the magistrate's decision via facsimile in accordance with the domestic relations court's Loc.R. DR 5. This is confirmed by a facsimile coversheet contained in the record that notes Husband filed his objections via facsimile on "2018-11-06 00:36:46 GMT."[2] But, despite being timely filed via facsimile, Husband's objections contain a timestamp

---

2. The abbreviation "GMT" stands for Greenwich Mean Time. Greenwich Mean Time is four hours ahead of Eastern Standard Time, the time zone where the domestic relations court is located. Therefore, while the facsimile coversheet indicates Husband filed his objections on November 6, 2018 at 12:36 a.m. Greenwich Mean Time, that is the equivalent to Husband filing his objections on November 5, 2018 at 8:36 p.m. Eastern Standard Time.

indicating his objections were not filed until the following day on November 6, 2018 at 7:34 a.m.

{¶ 5} On December 5, 2018, the domestic relations court issued a decision affirming and adopting the magistrate's October 22, 2018 decision. In so holding, the domestic relations court found Husband's objections to the magistrate's decision were untimely filed on November 6, 2018 rather than timely filed via facsimile on November 5, 2018. Husband now appeals from the domestic relations court's decision, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING PLAINTIFF APPELLANT'S OBJECTION TO BE UNTIMELY.

{¶ 7} In his single assignment of error, Husband argues the domestic relations court erred by finding his objections to the magistrate's October 22, 2018 decision were untimely filed. We agree, as the record indicates Husband's objections were filed via facsimile on November 5, 2016 at 8:36 p.m. Pursuant to domestic relations court's Loc.R. DR 5, Husband's objections to the magistrate's decision were timely in that his objections were filed within the 14-day timeframe as required by Civ.R. 53(D)(3)(b)(i). Therefore, because Husband's objections were timely filed, Husband's single assignment of error is sustained and this matter is reversed and remanded to the domestic relations court for further proceedings.[3]

{¶ 8} Judgement reversed and remanded.


HENDRICKSON, P.J., and RINGLAND, J., concur.

---

3. We note that in accordance with this court's Loc.R. 11(D)(1)(a), Husband attached to his brief a final appealable entry that was not the same entry attached to Husband's notice of appeal. Fortunately for Husband, this court does not rely solely on the appellant's brief but instead reviews the entire record on appeal.